In the
United States Court of Appeals
For the Seventh Circuit

No. 01-8016

John H. Isaacs, et al.,

Plaintiffs-Appellees,

v.

Sprint Corporation, et al.,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-cv-0155-MJR--Michael J. Reagan, Judge.

Submitted July 12, 2001--Decided August 14, 2001


   Before Posner, Easterbrook, and Kanne,
Circuit Judges.

   Posner, Circuit Judge.  Beginning in the
1980s, Sprint purchased from some 40
different railroads operating in every
state of the continental United States
the right to install fiber-optic cables
on the railroads' rights of way. A suit
has been filed in the district court on
behalf of owners of the land adjacent to
these rights of way, claiming that the
right belongs to them, not to the
railroads, and seeking damages for the
alleged conversion. Class certification
was sought under Fed. R. Civ. P.
23(b)(3). The district court certified
two plaintiff classes, one consisting of
landowners adjacent to rights of way
obtained by condemnation, the other of
landowners adjacent to rights of way
obtained by grants of public land to the
railroads. Sprint appeals from the order
of certification under Fed. R. Civ. P.
23(f), which grants the courts of appeals
discretion to review orders granting or
denying class certification.

   The rule did not become effective until
the last month of 1998, and the courts
have not yet coalesced on an exhaustive
list of grounds for the exercise of this
discretion. For a recent discussion, see
Lienhart v. Dryvit Systems, Inc., No. 00-
908, 2001 WL 715773, at *2-5 (4th Cir.
June 26, 2001). It is doubtful that the

creation of such a list would be a desirable undertaking, Blair v. Equifax Check Services, Inc., 181 F.3d 832, 834 (7th Cir. 1999), but in any event all agree that a compelling case for the exercise of our new discretion is one in which the grant of class status places undue pressure on the defendant to settle regardless of the actual merit of the suit. E.g., id. at 834-35; Lienhart v. Dryvit Systems, Inc., supra, at *3. This is such a case as a consequence of the case-management plan set forth in the order of certification. The district judge proposes to determine first whether any of the railroads obtained their rights of way in fee simple absolute. (The judge just said "fee," but he must have meant fee simple absolute, because the purpose of the determination is to see whether the railroads own their rights of way free and clear, in which event the adjacent landowners retain no rights and Sprint is entitled to summary judgment, as the judge said.) If, second, the railroad obtained not a fee simple absolute but merely an easement, the judge pro-poses to determine whether under the law of the state in which the right of way is located the holder of such an easement is permitted to grant a subeasement for the laying of fiber-optic cable. If not, the plaintiffs are entitled to summary judgment. Third, if the railroad obtained an easement and state law does not forbid the granting of fiber-optic subeasements, a trial will be necessary to determine whether the particular railroad easement authorized such grants and at that point all members of the certified classes will be notified of their right to remain members of the class and so participate in any judgment or settlement that the named plaintiffs obtain.

What this means is that if the first two rulings go in favor of Sprint, no members of the class, other than the named plaintiffs, will fail to opt out of the suit, and the result will be that only the named plaintiffs will be bound by the judgment. If, however, the judge proceeds to stage 3, few if any class members will opt out and Sprint will be exposed to enormous potential liabilities. So even if Sprint prevails at stages 1 or 2, it will have to face the class members in other cases, while if the judge rules against it at those stages its prospects

will darken greatly as a result of the combined effects of the two rulings-- portents of likely future judgments against Sprint--plus the effect of those rulings in encouraging members of the class not to opt out of the suit. Were it not for this "one-way intervention" authorized by the challenged order, Sprint would face a smaller potential liability because members of the class would have a greater incentive to opt out of the suit. If the order of certification stands, the pressure on Sprint to settle will be enormous.

We conclude that this is an appropriate case in which to accept a Rule 23(f) appeal and we proceed to the merits because they have been fully briefed in connection with Sprint's petition for permission to appeal and the plaintiffs' opposition to it.

The certification order must be reversed, and not only because one-way intervention is forbidden. Fed. R. Civ. P. 23(c)(2); Amati v. City of Woodstock, 176 F.3d 952, 957 (7th Cir. 1999); Schwarzschild v. Tse, 69 F.3d 293, 295-96 (9th Cir. 1995). The fact that the order authorizes one-way intervention is merely one aspect of a more fundamental failing, which is that the judge certified the case to proceed as a class action before making any of the determinations (manageability of the case as a class action, adequacy of the named plaintiffs to represent the class, predominance of common issues, etc.) that Rule 23 makes prerequisite to certification. General Telephone Co. v. Falcon, 457 U.S. 147, 161 (1982); Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 677 (7th Cir. 2001); Jefferson v. Ingersoll Int'l, Inc., 195 F.3d 894, 896-97 (7th Cir. 1999). The rule could not be clearer, and this is hardly a case in which class action treatment is obviously appropriate. Quite the contrary, it seems decidedly inappropriate. The case involves different conveyances by and to different parties made at different times over a period of more than a century (railroading began in the United States in the 1830s) in 48 different states (plus the District of Columbia) which have different laws regarding the scope of easements, compare Mellon v. Southern Pacific Transportation Co., 750 F. Supp. 226 (W.D. Tex. 1990), with Buhl v. U.S.

Sprint Communications Co., 840 S.W.2d 904 (Tenn. 1992)--laws moreover that have changed over the period embracing the grant of property rights to railroads, Great Northern Ry. v. United States, 315 U.S. 262, 273-74 (1942), and whose application involves intricate legal and factual issues illustrated by Davis v. MCI Telecommunications Corp., 606 So. 2d 734, 737 (Fla. App. 1992) (per curiam), making it unlikely that common issues predominate over individual-claim issues. See Szabo v. Bridgeport Machines, Inc., supra, 249 F.3d at 677-78; In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1299-1302 (7th Cir. 1995); Castano v. American Tobacco Co., 84 F.3d 734, 741-44 (5th Cir. 1996). This is a nightmare of a class action.

The plaintiffs suggest that since Rule 23(c)(1) permits conditional grants of class status, the judge's order should be viewed as properly conditioned on the plaintiffs' eventually establishing that the prerequisites for class status have been met. But the prerequisites cannot be bypassed in this way. General Telephone Co. v. Falcon, supra, 457 U.S. at 160. Rule 23(c)(1) merely authorizes amending the certifi-cation order on the basis of new facts that emerge in the course of the litigation; it presupposes a valid order.

In like vein the plaintiffs argue that the appeal is premature because the district judge has made clear that his order certifying the class was tentative and is subject to revision. Emphasis on tentativeness and revisability is misplaced in the present context. Most interlocutory orders are subject to reconsideration as a case proceeds; that fact cannot defeat an appeal from such an order when interlocutory appeals are authorized. Finality is by definition not a property of an interlocutory order, and in fact the Supreme Court has described a certification order as "inherently tentative." Id. at 160. Rule 23(f) would be nullified if the appealability of an order granting class certification were destroyed by a judge's statement that he might change it.

A final point: Our decision of this appeal was delayed by the district judge's failure to make an adequate inquiry into the existence of federal

jurisdiction over the plaintiffs' suit. The only jurisdictional basis alleged in the complaint is diversity of citizenship, and it requires that each of the named plaintiffs separately have a stake in the case that exceeds $75,000. With Sprint contending that the individual claims are "relatively small," the plaintiffs only that they are "substantial" but not large enough to justify a separate suit by any of the plaintiffs, and the value of the subease ments that the plaintiffs claim to have lost not obviously great, the allegation that the requirements of diversity jurisdiction are satisfied could not be taken at face value. The parties had also failed to specify the citizenship of a trust that was a defendant and of the partners in a limited partnership that was another defendant. The fact that an appeal is interlocutory does not excuse the absence of adequate jurisdictional statements, for unless a case is within the jurisdiction of the district court, we cannot decide the merits of an appeal; we can only direct that the suit be dismissed. So we ordered the filing of supplemental briefs on jurisdiction. The briefs repair the deficiencies of the original filings well enough to prevent us from concluding at this stage that the district court lacked jurisdiction. But the size of the stakes remains sufficiently murky to bear further inquiry by the district court, should the plaintiffs decide to press on with their case.

Circuit Rule 36 shall apply on remand.

Reversed.