**In re NEW MOTOR VEHICLES CANADIAN EXPORT ANTITRUST LITIGATION.**

**No. MDL DOCKET NO. 1532.**

United States District Court,
D. Maine.

Dec. 8, 2004.

Robert S. Frank, Harvey & Frank, Portland, ME, for Plaintiffs.

William J. Kayatta, Jr., Pierce Atwood, Portland, ME, for Defendants.

**ORDER ON MOTION TO INTERVENE TO PARTICIPATE IN PRETRIAL DISCOVERY PROCEEDINGS**

HORNBY, District Judge.

Certain Tennessee consumers have a lawsuit pending in Tennessee state court that challenges the defendants' conduct under Tennessee state law. These Tennessee consumers have now moved to intervene in this federal multidistrict case, but "for discovery purposes only." Mot. to Intervene at 1 (Docket Item 160). In fact, they state in bold-face type at the end of their Reply Memorandum, "If this Court does not want to allow intervention for the purposes of discovery only, Proposed Intervenors respectfully request that the Court deny their motion." Proposed Intervenors' Reply Mem. at 6–7 (Docket Item 166). On that basis, the motion is **DENIED**.

The would-be intervenors have provided no authority for their request to intervene solely to participate in discovery. Intervention of right depends upon whether "the disposition

of *the action* may as a practical matter impair or impede the applicant's ability to protect [the applicant's] interest."[1] Fed. R.Civ.P. 24(a) (emphasis added). Permissive intervention is available "when an applicant's *claim* or *defense* and the *main action* have a question of law or fact in common." Fed. R. Civ. 24(b)(emphasis added).[2] Perhaps the criteria for both types of intervention are met here. But nowhere does the Rule imply that the would-be intervenor can intervene only for discovery. Instead, the focus clearly is on the prejudice that would flow from "disposition of the action" or of a question of law or fact if intervention is denied. The would-be intervenors here, however, are not interested in participating in disposition of the action or in the resolving of questions of law or fact.[3] I recognize that courts sometimes have granted a motion to intervene, and at the same time have limited the intervenor to certain parts of the main lawsuit. *See, e.g., Walsh v. Walsh,* 221 F.3d 204, 213 (1st Cir.2000); *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1426 (10th Cir.1990); *Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc.,* 205 F.R.D. 1, 3 (D.D.C. 2000). But it is one thing for the court to manage litigation by limiting the effect of an intervenor's intrusion. It is quite another for the would-be intervenor to impose conditions on the court and the other parties.[4]

There are other ways to satisfy any legitimate discovery interests these Tennessee consumers may have. I have already entered a Joint Coordination Order (Docket Item 110) that permits state court plaintiffs to have access to federally generated discovery. Several state courts that have parallel lawsuits have entered the same order. *See* Notice of Filing of Arizona, California, Minnesota, and New York Coordination Orders (Docket Item 149) (including, attached as Exhibits A through D, Joint Coordination Orders for *Maxwell v. General Motors Corp.,* No. CV.2003–003925 (Ariz.Super.Ct. July 29, 2004) (ex. A); *Automobile Antitrust Cases I, II,* JCCP Nos. 4298 & 4303 (Cal. Super Ct. April 28, 2004) (ex. B); *Lerfald v. General Motors Corp.,* Case No. 03–003327 (Minn. Dist. Ct. Aug 5, 2004) (ex. C); *Paltre v. General Motors Corp.,* Index No. 03–005014 (N.Y.Sup.Ct. July 15, 2004)); Notice of Filing of Iowa Coordination Order (Docket Item 150) (Joint Coordination Order for *Schaefer v. General Motors Corp.,* Case No. CL93947 (August 16, 2004)); Notice of Filing New Mexico Coordination Order (Docket Item 170) (Joint Coordination Order for *Corso v. General Motors Corp.,* No. D–101–CV–2003–00668 (N.M.Dist.Ct. Oct. 29, 2004)). I will not speculate on why the Tennessee plaintiffs (perhaps more accurately, their lawyers) are not satisfied with that arrangement.[5]

The plaintiffs refer to Tennessee's refusal to recognize cross-jurisdictional tolling of statutes of limitations. Br. in Supp. of Proposed Intervenors' Mot. at 7. Since they have already filed their complaint in Tennessee state court, I cannot see how that circumstance has any bearing on their request to intervene.

Finally, I do not address whether there would be any subject matter jurisdiction issues in allowing these consumers to inter-

---

1. The would-be intervenors do not claim that they fit under the other prong of Fed.R.Civ.P. 24(a), a statutory right of intervention.

2. They do not claim a conditional right to intervene by statute, the other prong of Fed.R.Civ.P. 24(b).

3. "[T]he motion does not include settlement, substantive motions, or trial . . . ." Br. in Supp. of Proposed Intervenors' Mot. at 12.

4. The would-be intervenors have furnished the Seventh Circuit's decision in *Smith v. Sprint Communications Co.,* 387 F.3d 612 (7th Cir. 2004). That split decision involving real estate interests held that a nationwide certified settlement class did not adequately represent the Tennessee plaintiffs and the Circuit accordingly decertified the settlement class. *Id.* at 615. Perhaps that decision will have some bearing when I come to any decision about class certification—perhaps it would even support general intervention—but it certainly does not support the limited intervention the Tennessee consumers seek here.

5. The would-be intervenors say that the Joint Coordination Order would force them to surrender their right to have a Tennessee court hear their claims. Proposed Intervenors' Reply Mem. at 2. But nothing in the Joint Coordination Order prevents a state court from proceeding with any case before it. *See* Joint Coordination Order at 4.

vene for this limited discovery purpose only, without participating in the "case or controversy" that is the subject matter of this federal lawsuit. (These are plaintiffs who have specifically asserted in their complaint in Tennessee and in paragraph 23 of their "Intervening Complaint" (Docket Item 163) that they maintain only state law claims and limit their damages to $74,000. They state in their "Intervening Complaint" that they "also reserve any and all objections to this Court's assertion of jurisdiction over their Tennessee claims and causes of action," *id.* ¶ 11, and that their "state law only claims require this case be heard in a State of Tennessee forum," *id.* ¶ 23.)

The motion to intervene is DENIED.[6]

So ORDERED.

---

**6.** I also deny the request for oral argument. If general intervention had been requested, I would have entertained oral argument, but I see no utility in oral argument for this "discovery intervention" request.