In the

# United States Court of Appeals
### For the Seventh Circuit

No. 01-3019

SALLIE N. PEELER,

*Plaintiff-Appellant*,

*v.*

MCI, INC., and MCI WORLDCOM
NETWORK SERVICES, INC.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. IP 01-983-C-Y/G—**Richard L. Young**, *Judge*.

ARGUED JANUARY 24, 2002—DECIDED MAY 8, 2006

Before EASTERBROOK and WOOD, *Circuit Judges*.[†]

PER CURIAM.  Sallie Peeler filed this action in a state
court seeking an injunction against the installation of fiber-
optic cable along the Monon Trail, an abandoned railroad
right-of-way in which Peeler claims an interest as the
owner of an adjacent parcel. After the suit's removal under
the diversity jurisdiction, the district court denied Peeler's

_____

[†] Circuit Judge Ripple, the third member of the panel originally
assigned to this appeal, recused himself on April 20, 2006,
following a change of counsel and took no further part in the
proceedings.

request for a preliminary injunction. Events during the pendency of Peeler's appeal make it unnecessary to decide whether the district judge erred.

First, MCI completed the installation of the cable, so that step cannot be enjoined. Second, the corporation formerly known as MCI WorldCom, Inc. (the original defendant) became a debtor in bankruptcy, leading us to stay consideration of Peeler's appeal. 11 U.S.C. §362. Peeler did not file a claim in WorldCom's bankruptcy, so the general discharge that WorldCom eventually received extinguishes her principal claims—that Indiana law requires a deposit of compensation before a public utility may lay cable under a railroad right-of-way, and that the existence and use of the cable without compensation are trespasses. Similar claims have been considered, and held to be discharged, not only by the district court that handled the WorldCom bankruptcy but also by our colleagues on the eighth circuit. See *International Paper Co. v. MCI WorldCom Network Services, Inc.*, 442 F.3d 633 (8th Cir. 2006); *Browning v. MCI, Inc.*, 2006 U.S. Dist. LEXIS 14228 (S.D.N.Y. Mar. 30, 2006). We agree with these decisions and need not add to their exposition. Claims based on the existence of the underground conduit, and the cable's use to transmit photons that carry voice and data traffic, have been discharged.

Peeler's situation differs in one respect from that of the landowners in *International Paper* and *Browning*. MCI installed a "fiber box" on land in which Peeler asserts an interest. This structure, which permits workers to access the cable should it need repair or replacement, occupies about 15 square feet of the surface. Any obligation to pay compensation on account of the box's existence has been discharged; but if MCI should use the box in the future to access the underground cable then the repair teams would re-enter Peeler's land. MCI lacks Peeler's consent to do this. Cf. *Leo Sheep Co. v. United States*, 440 U.S. 668 (1979). A discharge does not permit the debtor to engage in fresh

injurious acts after a bankruptcy's conclusion. See *Ohio v. Kovacs*, 469 U.S. 274 (1985); *In re CMC Heartland Partners*, 966 F.2d 1143 (7th Cir. 1992); *In re Torwico Electronics, Inc.*, 8 F.3d 146 (3d Cir. 1993); *In re Chateaugay Corp.*, 944 F.2d 997 (2d Cir. 1991).

Because the possibility of future entries to repair existing cable was not the basis of Peeler's motion for equitable relief in 2001, it does not provide any basis for disturbing the district court's decision. But it does show that the case is not moot. We therefore affirm rather than vacate the district court's decision—limited as it is to an order (now five years old) declining to enjoin MCI's installation and use of the cable.

Before the district court takes up whether Indiana law entitles Peeler to either an injunction against future entry or compensation for an easement, it must decide whether Peeler has the ownership interest she asserts. MCI denies that she has any legal interest in the land on which the fiber box sits. If Peeler does have a property interest—and if MCI has not secured an easement through condemnation proceedings in state court, see Ind. Code §32-24-4-1—the district court must decide whether to certify the proceeding as a class action, as Peeler has proposed. See *Smith v. Sprint Communications Co.*, 387 F.3d 612 (7th Cir. 2004); *Uhl v. Thoroughbred Technology & Telecommunications, Inc.*, 309 F.3d 978 (7th Cir. 2002)*; Isaacs v. Sprint Corp.*, 261 F.3d 679 (7th Cir. 2001).

Decisions on these questions may be unnecessary if the district judge relinquishes supplemental jurisdiction. 28 U.S.C. §1367(c). When WorldCom removed the case, federal jurisdiction was supplied by the fact that an injunction against completing and using the cable would have cost WorldCom more than $75,000. All controversy about the cable's existence and use having been resolved by the bankruptcy, however, the remaining dispute about access

to the fiber boxes (the one near Peeler's land and 12 others along the Monon Trail) likely is worth less than $75,000. If so, that claim would depend on the supplemental jurisdiction, for it would not have supported removal independently. If the jurisdictional amount is not satisfied with respect to this distinct claim for relief, the district court should consider returning this case to state court.

AFFIRMED AND REMANDED

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*