In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 19-1831

CHRISTINE DANCEL,

*Plaintiff-Appellant,*

*v.*

GROUPON, INC.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-02027 — **Ronald A. Guzmán**, *Judge.*

———————————

ARGUED SEPTEMBER 16, 2019 — DECIDED OCTOBER 9, 2019

———————————

Before BAUER, BRENNAN, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* We accepted Christine Dancel's petition under Federal Rule of Civil Procedure 23(f) so that we could review the district court's denial of class certification. Dancel, however, has proceeded as though we gave her a free ticket to redo her opposition to the removal of her suit from state court. Although we refuse to entertain the bulk of her arguments, she has drawn our attention to a critical hole in the notice of removal—it does not allege the citizenship of

even one diverse member of the putative class. We therefore order a limited remand so that the district court can patch this hole, securing its jurisdiction over the case.

**I**

Dancel sued Groupon, Inc. in the Circuit Court of Cook County in 2016. She alleged that Groupon, an online marketplace that sells discount vouchers to businesses, had used her photograph on one of its pages to promote a voucher for a restaurant in Vernon Hills, Illinois. Groupon had collected this photograph automatically from Dancel's public Instagram account based on data linking it to the restaurant's location. Her complaint sought damages under the Illinois Right of Publicity Act, 765 ILCS 1075/1, 30, on behalf of a class of "[a]ll Illinois residents (1) who maintain an Instagram account, and (2) whose photograph(s) from such Instagram account have appeared on a Groupon Deal offer page."

The parties litigated in state court for two years until Dancel moved to certify a class that differed from the one in her complaint. Her new class (which also had a subclass) was to consist of "[a]ll persons who maintained an Instagram Account and whose photograph (or photographs) from such account was (or were) acquired and used on a groupon.com webpage for an Illinois business." Unlike the original class, this one was not defined by its members' residency, though it was still limited to advertisements of Illinois businesses.

In response to the modified class definition, Groupon filed a notice of removal under the Class Action Fairness Act, 28 U.S.C. § 1453 (CAFA). The CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class

needs to be a citizen of a state different from any one defendant. *Id.* § 1332(d)(2)(A). (There are other requirements regarding numerosity and the amount in controversy, but they are met here—Dancel alleges each of the tens of thousands of class members is entitled to $1000 in statutory damages, 765 ILCS 1075/40(a)(2).) Groupon, the sole defendant, is a Delaware corporation with its principal place of business in Illinois and thus is a citizen of those two states. To meet the minimal-diversity requirement, its notice of removal stated that the new class "undoubtedly would include at least some undetermined number of non-Illinois and non-Delaware citizens as class plaintiffs." Groupon did not identify any one of these class members or his or her citizenship.

Dancel initially let this omission slide. She moved to remand on the theory that Groupon's removal was improper not because jurisdiction was lacking but because it had always existed, and therefore Groupon had waived its right to remove. *See* 28 U.S.C. § 1446(b). Indeed, she expressly told the district court she did not challenge the existence of minimal diversity, which, she argued, had been apparent from her complaint's use of residency: some Illinois residents are citizens of another state, and it was likely at least one such person was within the original class definition. She changed her tune in her reply in support of remand, though, and argued there that Groupon was required to "specifically identify some absent class member who is not a citizen of Illinois or Delaware" to show minimal diversity. In a sur-reply, Groupon insisted that it could easily cure the deficiency, if pressed, but thought it unnecessary to do so. The district court rejected Dancel's waiver argument and denied the motion to remand but did not address minimal diversity or direct Groupon to cure its

allegations. Dancel did not apply for leave to appeal the denial. *See* 28 U.S.C. § 1453(c)(1).

Instead, the parties litigated the class certification motion, which eventually the court denied on predominance grounds. Fed. R. Civ. P. 23(b)(3). Dancel petitioned for review of that denial, and we granted the petition. Fed. R. Civ. P. 23(f).

## II

Despite asking for and receiving only permission to appeal the class-certification decision, Dancel begins this appeal by relitigating her motion to remand. She repeats her assertion of waiver based on Groupon's delay in seeking removal. She also argues that Groupon's allegations of jurisdiction were deficient, and therefore urges us to direct that the case be remanded to state court.

We refuse the invitation to expand the scope of this appeal. Generally, in an appeal under Rule 23(f) we will consider only "those issues related to [the] class certification decision." *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 860 F.3d 918, 922 (7th Cir. 2017) (quoting *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 576 n.2 (7th Cir. 2008)). Here, there is no overlap between the denial of remand and the later denial of certification. Rather than try to draw such a relationship, Dancel insists that we must address her arguments because they go to the district court's subject-matter jurisdiction. True, we must, even on interlocutory review, be assured that the district court has jurisdiction, for if it does not then "we cannot decide the merits of an appeal; we can only direct that the suit be dismissed." *Isaacs v. Sprint Corp.*, 261 F.3d 679, 683 (7th Cir. 2001). That gets her only so far, though. Dancel concedes that the timing of Groupon's removal is a question of procedure and not

jurisdiction. *See In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994). We are, thus, not obligated to reach the argument, and so we decline to do so.

In contrast to her concededly procedural waiver argument, Dancel frames her belated challenge to the allegations in Groupon's notice of removal as a question of the district court's jurisdiction. Whether a party has failed "to *demonstrate* diversity," however, is distinct from whether diversity "in fact *existed*," and only the latter is a question of subject-matter jurisdiction that cannot be waived. *See Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 677 (7th Cir. 2006) (finding challenge to allegations waived by late motion to remand). We must be assured only of the existence of subject-matter jurisdiction for purposes of this appeal, so we need not direct that this case be immediately remanded to state court, even though we agree Groupon's allegations are deficient. As long as the existence of subject-matter jurisdiction is either apparent from the record, *see Harmon*, 115 F.3d at 479–80, or cured through amendment of the notice of removal, *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), we can proceed to the class-certification issue.

The record does not currently reveal the existence of jurisdiction, so Groupon must amend its allegations, as it may do even on appeal. *See* 28 U.S.C. § 1653. Groupon, as the removing party, bears the burden of showing the existence of federal jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). It has rested on its speculation that "undoubtedly" a class member is a citizen of a state other than Illinois or Delaware, even now, over a year after the

deficiency was first identified in Dancel's reply. We asked Groupon to correct the jurisdictional statement in its appellate brief, but it added only that its system did not screen photos for their owners' citizenship—still providing nothing but a guess of diversity, educated and sensible though it may be.

Groupon sees no problem with its allegations because, in its view, Dancel waived her opportunity to contest them. Subject-matter jurisdiction cannot be waived or forfeited, it acknowledges, but the facts underlying jurisdiction can. So, we have held that when a district court makes an unchallenged factual determination that supports jurisdiction, an opposing party "forfeits his objection to the finding, though not to the inference of jurisdiction drawn from the finding." *Workman v. United Parcel Serv.*, Inc., 234 F.3d 998, 1000 (7th Cir. 2000). (This rule is subject, of course, to the court's investigation if it doubts its own jurisdiction. *See id.*)

Groupon's allegations here do not have the necessary factual content for Dancel's waiver to permit an inference of jurisdiction. If Groupon had alleged, even if only "on information and belief," that a specific member of the putative class had "a particular state of citizenship," then we may have accepted Dancel's waiver as establishing jurisdiction "for now." *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010). Groupon instead posited that some "undetermined number" of class members are "non-Illinois and non-Delaware citizens."

This allegation of negative citizenship fails to satisfy the minimal diversity requirement. In ordinary, non-class diversity cases, we have admonished parties that they cannot "merely allege diversity of citizenship without identifying the [parties'] states of citizenship," for that is no better than a

"bare assertion that the defendants are citizens of 'another state different from the Plaintiff.'" *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018). That the hurdle of minimal diversity for the CAFA is lower than the complete diversity required in most cases does not provide a basis to alter this rule, and we have applied it vigorously even in the class-action context. In *Toulon v. Continental Casualty Co.*, 877 F.3d 725 (7th Cir. 2017), we criticized the plaintiff—who had originally brought the suit in federal court—for failing to "identify a specific class member who is a citizen of a state other than Illinois." *Id.* at 733. The class was broad—astonishingly so, for it involved claims under the laws of fifty states (and the District of Columbia) relating to an insurance policy sold in at least thirty-two states, *id.* at 730, 732—but this breadth did not relieve our skepticism. We were content to conclude that the district court had jurisdiction only because the defendant supplemented the record under 28 U.S.C. § 1653 with affidavits demonstrating that minimal diversity existed. *Id.* at 733; *see also Hart*, 457 F.3d at 677 (relying on similar affidavits).

At argument, we asked Groupon whether it could supplement the record to identify a specific, diverse class member. It responded that it would need discovery and requested remand to the district court for that purpose. We recently considered this procedure in *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019), an appeal under 28 U.S.C. § 1453(c)(1). In *Miller*, the plaintiff asserted that the proposed class of employees at Chicago's O'Hare Airport was limited to Illinois citizens. *Id.* at 905. We expressed doubt about this assumption and pondered why the removing defendant had not alleged minimal diversity by identifying, in its notice of removal, one of its employees domiciled in a nearby state. *Id.* We found federal-question jurisdiction over the case, but

hypothesized that if this were not an option, we might have remanded to the district court to explore whether a class member was a citizen of another state. *Id.* Without an alternative basis for jurisdiction here, we elect to follow the approach we hinted at in *Miller* and will return this case to the district court so that it may inquire into its jurisdiction.[†]

## III

We order a limited remand for the district court to permit discovery to whatever extent the court deems necessary for Groupon to allege that at least one member of the putative class was a citizen of a state other than Illinois or Delaware at the time of removal. This remand is limited solely to the question of subject-matter jurisdiction and does not independently obligate the district court to consider or reconsider any nonjurisdictional issues, including the home-state or local-controversy exceptions to the CAFA, 28 U.S.C. § 1332(d)(3)–(4). *See*

---

[†] Though the parties do not direct us to this issue, the Eleventh Circuit has prohibited jurisdictional discovery in cases removed under the CAFA. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). That court has since limited this holding to cases (like this one) removed on amended pleadings, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010), and two of its judges have suggested that *Lowery* should be overruled. *See id.* at 775–76 (W. Pryor, J., concurring). We agree with those concurring judges that *Lowery*'s reasoning, which is based on a strict reading of Rules 8 and 11 and little other authority, is unpersuasive and its holding is in tension with the Supreme Court's recognition that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Nevertheless, because our ruling may be creating a split with the present position of the Eleventh Circuit, we have circulated this opinion to all active judges. *See* Cir. R. 40(e). No judge voted to hear the case en banc; Judge Flaum did not participate in the consideration of the matter.

*Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (recognizing exceptions are not jurisdictional). We will retain our jurisdiction over this appeal pending resolution of this issue. *See Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 768 F.2d 189, 190 (7th Cir. 1985). If the district court, after a reasonable time, is not convinced that Groupon can carry its burden, then it may enter an indicative ruling that it is inclined to remand for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c), and we will take appropriate steps.

SO ORDERED.